695 A.2d 277

IN THE MATTER OF WILFRED J. KILLIAN, AN ATTORNEY AT LAW.

July 1, 1997.

## ORDER

The Supreme Court on September 27, 1995, having filed Orders that temporarily suspended from practice WILFRED J. KILLIAN of LANCASTER, CALIFORNIA, who was admitted to the bar of this State in 1989, and remanded the matter to the Disciplinary Review Board for the development of a record and a

recommendation to the Court regarding whether respondent's license to practice law in New Jersey should be revoked because of respondent's failure to disclose a 1979 criminal conviction in the bar admission process;

And respondent having stipulated in the remand proceedings that he had failed to disclose on his California, Pennsylvania, and New Jersey bar applications that he had been convicted of shoplifting in 1979;

And the Disciplinary Review Board on June 3, 1997, having filed with the Court its report on the remand proceedings together with its recommendation that WILFRED J. KILLIAN be suspended from the practice of law for a period of two years for his violations of RPC 3.3(a)(1) (making a false statement of material fact to a tribunal); RPC 3.3(a)(5) (failing to disclose a material fact to a tribunal with the knowledge that the tribunal may be misled by such failure); RPC 8.1(a) (making a false statement of material fact in connection with a bar admission application); RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation); and RPC 8.4(d) (conduct prejudicial to the administration of justice);

And good cause appearing;

It is ORDERED that WILFRED. J. KILLIAN is hereby suspended from the practice of law for a period of two years, effective immediately, and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of his suspension and that he comply with Rule 1:20-20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.